IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA and
UNITED AUTO WORKERS
LOCAL 13,

Plaintiffs,

vs.

ROUSSELOT, INC.,

Defendant.

No. C07-1001

RULING ON MOTION FOR
AWARD OF ATTORNEY FEES

This matter comes before the Court on the Motion for Award of Attorney Fees (docket number 31) filed by Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and United Auto Workers Local 13 (collectively "the Union") on August 7, 2008, and the Resistance to Motion for Award of Attorney's Fees (docket number 33) filed by Defendant Rousselot, Inc. ("the Company") on August 17, 2008. Pursuant to Local Rule 7.c, this matter will be decided without oral argument.

## I. RELEVANT FACTS

On January 31, 2007, the Union filed a Complaint, seeking an order compelling arbitration regarding a dispute with the Company over a reorganization plan which involved the establishment of a new job classification. The Union also asked for reasonable attorney fees. On February 19, 2007, the Company filed an Answer, denying that the issue was subject to arbitration, requesting the Complaint be dismissed with prejudice, and asking for reasonable attorney fees.

Both parties filed motions for summary judgment. The Union filed its motion on November 13, 2007, and the Company filed its motion on November 15, 2007. The principal issue before the Court on the parties' motions for summary judgment was whether the Company should be ordered to participate in arbitration to resolve a dispute regarding the establishment of a new job classification. Both parties agreed that the material facts were undisputed and the issue could be resolved by summary judgment.

On February 29, 2008, the Court granted summary judgment in favor of the Company, finding that the issue of whether the Company was entitled to establish a new job classification was not subject to arbitration pursuant to the terms of the parties' collective bargaining agreement. The Court declined to award attorney fees to either party. Specifically, the Court determined that "neither party acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"[1]

On March 28, 2008, the Union appealed the Court's ruling. The Eighth Circuit Court of Appeals filed its opinion on June 24, 2009, reversing and directing the district court "to enter an order compelling arbitration" and "to reconsider the Union's request for attorney's fees." On July 27, 2009, the Court ordered the parties to arbitrate the disputed issue, and directed the Union to file a motion for award of attorney fees in compliance with Local Rule 54.1.a.

On August 7, 2009, the Union filed the instant Motion for Award of Attorney Fees. The motion is supported by an affidavit of attorney William N. Toomey. Attached to the affidavit as Exhibits A and B are itemized statements of services performed and costs advanced by the law firm. The total fees and expenses claimed are $11,157.32. The Company does not dispute the reasonableness or necessity of the attorney fees and expenses claimed by the Union.

---

[1] *See* Ruling on Motions for Summary Judgment at 14 (docket number 21 at 14).

## II. DISCUSSION

Generally, absent statutory authority or a contractual agreement, neither party to an action is entitled to recover attorney fees from the other party. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("The 'American Rule' [provides] that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary."); *see also Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) ("Under the longstanding American Rule, parties are required to pay their own attorney's fees unless an award of fees is authorized by statute."); *American Federation of Musicians, Local 2-197, AFL-CIO v. St. Louis Symphony Society*, 203 F.3d 1079, 1081 (8th Cir. 2000) ("It is well-settled that attorneys' fees may not be recovered by a prevailing party in the absence of statutory authority.").

The statutory basis for the Union's claim in the instant action is provided by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which does not provide for attorney fees. *St. Louis Symphony Society*, 203 F.3d at 1081 (citing *Actors' Equity Association v. American Dinner Theatre Institute*, 802 F.2d 1038, 1042 (8th Cir. 1986)). A prevailing party, however, may nonetheless recover attorney fees in an action under the LMRA, if the losing party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *St. Louis Symphony Society*, 203 F.3d at 1081 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) and *United Paperworkers Int'l Union v. Champion Int'l Corp.*, 81 F.3d 798, 801-02 (8th Cir. 1996)).

In describing the bad faith exception, the Eighth Circuit Court of Appeals explained that "bad faith may exist where a party's claim is deemed to be totally without merit." *Actors' Equity Association*, 802 F.2d at 1042 (citation omitted). The Eighth Circuit further cautioned that attorneys' fees should not be awarded unless a claim is "'frivolous, unreasonable, or groundless, or where the party continue[s] to litigate after it clearly [becomes] so.'" *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). While an award of attorney fees is within a court's discretion, the exercise of

such discretion should only occur when "overriding considerations indicate the need for such a recovery." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970).

The dispute in *Actors' Equity Association* is similar to the dispute in this case. The issue in *Actors' Equity Association* concerned an action to compel arbitration of a grievance under a collective bargaining agreement ("CBA"). 802 F.2d at 1040. In that case, the Eighth Circuit explained that "bad faith would be evidenced . . . by a showing that the appellants intentionally advanced a frivolous contention for an ulterior purpose, such as harassment or delay." *Id.* at 1043 (citation omitted). Because the appellants argued that the CBA limited the scope of the duty to arbitrate, the Eighth Circuit concluded that the appellants did not act in bad faith and reversed the district court's award of attorney fees for the appellee. *Id.* at 1044-46 ("Thus, it appears that the appellants were simply arguing that the scope of their duty to arbitrate was limited by the Agreement. We do not see how this argument equates to evidence of frivolity or vexatiousness which arises to the level of bad faith.") (citations omitted).

The Union relies on the argument set forth in its Brief in Support of Plaintiffs' Motion for Summary Judgment (docket number 12-2) "[f]or argument and authority as to the propriety of an award of attorneys fees[.]"[2] In its summary judgment brief, the Union argued that it was entitled to attorney fees because:

> The only reasonable reading of the Agreement compels the conclusion that the grievance at issue is subject to arbitration, and there was and is not reasonable justification for the Company's refusal to arbitrate the grievance. The Company has nonetheless knowingly propounded an untenable position and has willfully burdened the Union with the expense of litigation. The Company's actions constitute bad faith practices as to the Agreement, the grievance, and the present litigation, and necessitate an award of attorneys' fees in

---

[2] *See* the Union's Motion for Award of Attorney Fees, ¶ 1 at 1 (docket number 31 at 1).

compensation for the Union's defense of its rights under the Agreement.

Plaintiffs' Brief in support of Plaintiffs' Motion for Summary Judgment at 12 (docket number 12-2 at 12).

Here, the parties acted in accordance with the collective bargaining agreement and followed the grievance procedures for disputes involving a new job classification, until the grievance reached the point of arbitration. At Step Four of the grievance procedure, the parties disagreed on the applicability of arbitration based on the interpretation of conflicting provisions of the collective bargaining agreement. Similar to *Actors' Equity Association*, the Court finds that the Company's contention that its duty to arbitrate was limited by the collective bargaining agreement does not equate to "evidence of frivolity or vexatiousness which arises to the level of bad faith." 802 F.2d at 1045. Moreover, even though the Eighth Circuit interpreted the collective bargaining agreement in favor of the Union, the Eighth Circuit's decision does not suggest that the Company's interpretation of the agreement was completely implausible or unreasonable such that it acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *St. Louis Symphony Society*, 203 F.3d at 1081. Instead, the Eighth Circuit concluded that:

> Although Section 8 appears to limit the scope of arbitration in the context of new job classifications, the section is silent as to whether disputes that arise in conjunction with the establishment of a new job classification are arbitrable, and we decline to construe that silence as a desire to prohibit arbitration of matters that may arise when a new classification is created, but which are separate from the classification itself.

*International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v. Rousselot*, 2009 WL 1767569 at *1 (8th Cir. 2009).

Therefore, the Court finds that the parties had a good faith dispute regarding the proper interpretation of the collective bargaining agreement. *See Industrial Wire Products, Inc. v. Teamsters Local Union No. 688*, 195 F.Supp.2d 1150, 1156 (E.D. Mo. 2002) ("Where one judge initially agreed with the company and three others said they were not

'completely free from doubt,' the union's argument that the company's position was frivolous and taken in bad faith itself borders on the frivolous. The parties had a good faith disagreement, and an award of attorneys fees is not appropriate."). The Court concludes that the Company did not act "in bad faith, vexatiously, wantonly, or for oppressive reasons" in this matter. Therefore, the Union is not entitled to attorney fees.

### ORDER

IT IS THEREFORE ORDERED that the Motion for Award of Attorney Fees (docket number 31) filed by Plaintiffs is hereby **DENIED**.

DATED this 7th day of October, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA